UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KARINA CASERO,

    Plaintiff,

-VS-

SUNRISE CREDIT SERVICES, INC. AND
EXPERIAN INFORMATION SOLUTIONS,
INC.,

    Defendants.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Karina Casero (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Experian Information Solutions, Inc. (hereinafter "Experian") and Sunrise Credit Services, Inc. (hereinafter "Sunrise") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC, TransUnion LLC, and Experian Information Solutions, Inc.

3. Consumer reporting agencies that create consumer reports, like Equifax Information Services, LLC, TransUnion LLC, and Experian Information Solutions, Inc. are

1

charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Sunrise, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Sunrise. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Florida, residing in St. Johns County, Florida.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8) as she is a national person allegedly obligated to pay a debt.

12. Experian is a corporation headquartered in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida, 33324.

13. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

14. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Sunrise is a corporation headquartered in the State of New York, authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida, 33324.

17. Sunrise is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

18. Sunrise is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

19. Sunrise is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

20. Sunrise is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

21. Plaintiff is a natural person who is alleged to owe a debt to Sunrise for an AT T Mobility account.

22. Plaintiff previously had an account with AT&T Wireless, but it was closed in 2014 in good standing.

23. In the summer of 2019, Experian began reporting a trade line from a Credence Resource Management on Plaintiff's Experian credit report.

24. The alleged Credence Resource Management debt was for an alleged AT T Mobility account.

25. The alleged Credence Resource Management debt was for $1,307.00.

26. This alleged Credence Resource Management debt did not belong to the Plaintiff.

27. In or about August 2019, Plaintiff disputed the Credence Resource Management account directly with Experian.

28. Upon information and belief, Experian transmitted this dispute to Credence Resource Management.

29. In September of 2019, Experian responded to Plaintiff's dispute by deleting the Credence Resource Management.

30. This was a clear indication to Plaintiff that the matter was resolved and that Experian agreed that the account did not belong to the Plaintiff.

31. In November of 2019, Plaintiff began receiving upwards of two calls a day from Sunrise.

32. Plaintiff, initially, did not know why Sunrise was calling her.

33. In or about January of 2020, Plaintiff saw that Experian began reporting a trade line from Sunrise on Plaintiff's Experian credit report.

34. The alleged Sunrise debt was for an alleged AT T Mobility account.

35. The alleged Sunrise debt was for $1,307.00

36. This alleged Sunrise debt did not belong to the Plaintiff

37. Plaintiff has never had dealings with Sunrise.

38. In January of 2020, Plaintiff disputed the Sunrise account directly with Experian.

39. Upon information and belief, Experian transmitted this dispute to Sunrise.

40. In February of 2020, Sunrise "certified to Experian that the information is accurate."

41. Experian refused to remove the Sunrise account and is still reporting it on Plaintiff's Experian credit report.

42. The alleged Sunrise debt is appearing as a collection account on Plaintiff's Experian credit report.

43. Experian is disclosing the existence of this inaccurate debt to Plaintiff's creditors and potential creditors.

44. Upon information and belief, Sunrise, to this date, has never informed Experian that Plaintiff is not the responsible party for the alleged debt.

45. Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

46. Experian reinserted inaccurate information in to the Plaintiff's credit report after it knew and agreed the information was incorrect.

47. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit;

    ii. Loss of time;

    iii. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

48. All conditions precedent to the filing of this action have occurred.

## COUNT I
### Violation of the FDCPA by Sunrise

49. Plaintiff restates and incorporates her allegations in paragraphs one (1) through forty-eight (48), including subparts, as if fully set forth herein.

50. At all times relevant to this action, Sunrise was subject to and required to abide by 15 U.S.C. § 1692 *et seq*.

51. Sunrise violated 15 U.S.C. §§ 1692e(2)(a), 1692e(8) and 1692e(10) by falsely representing the character, amount, or legal status of a debt, and by communicating to any person credit information which is known or which should be known to be false, all in an attempt to collect a debt.

52. Sunrise violated 15 U.S.C. §§ 1692d(5) by repeatedly calling Plaintiff in a harassing attempt to collect a false debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SUNRISE CREDIT SERVICES, INC. for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### Violation of the FCRA § 1681s-2(b) by Sunrise

53. Plaintiff restates and incorporates her allegations in paragraphs one (1) through forty-eight (48), including subparts, as if fully set forth herein.

54. Sunrise is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher" as codified at 15 U.S.C. § 1681s-2.

55. Sunrise published false information about Plaintiff owing a debt, to Experian and through Experian to Plaintiff's potential lenders.

56. Sunrise violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the alleged debt owed; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Sunrise representations to the consumer reporting agencies.

57. Sunrise violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after Sunrise had been notified of the dispute and that the information was inaccurate.

58. Sunrise did not have any reasonable basis to believe that Plaintiff was responsible for the debt allegedly owed. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party. Sunrise knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Sunrise would attempt to plead ignorance, it had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

59. As a result of Sunrise's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment.

60. Sunrise's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, Sunrise was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, SUNRISE CREDIT SERVICES, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### Violation of the FCRA § 1681i(a) by Defendant Experian Information Solutions, Inc.

61. Plaintiff restates and incorporates her allegations in paragraphs one (1) through forty-eight (48), including subparts, as if fully set forth herein.

62. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and delete the item from Plaintiff's credit file. Experian failed to conduct any independent investigation and relied upon verification from a source it knows could be unreliable.

63. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff and by failing to request any account level information from Sunrise regarding the alleged debt owed.

64. Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

65. As a result of Experian's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment.

66. Experian's violations were willful, rendering Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

68. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
**Violation of the FCRA § 1681e(b) by Defendant Experian Information Solutions, Inc.**

69. Plaintiff restates and incorporates her allegations in paragraphs one (1) through forty-eight (48), including subparts, as if fully set forth herein.

70. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

71. Experian violated 15 U.S.C. § 1681e(b) by reinserting inaccurate information, that Experian already knew was inaccurate, in to the Plaintiff's credit report.

72. As a result of Experian's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

73. Experian's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74. In the alternative, Experian was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

75. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands a trial by jury, judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry, Esquire*
Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
lcrouch@ForThePeople.com
*Attorney for Plaintiff*